The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Willis. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 25 years old with a date of birth of 6 February 1968. For his education, plaintiff had completed high school. For his work history, plaintiff had worked in production-type jobs in factories. For defendant, plaintiff's job duties included sanding furniture and moving pallets which weighed as much as 100 pounds.
2. In April 1991 plaintiff injured his back at home when a neighbor, who was an elderly woman, fell in her yard and appeared to have a stroke. Plaintiff tried to lift the woman from the ground, and he felt low back pain. Plaintiff first sought medical treatment in August 1991 (about four months later). Dr. Mark Brewer ordered an MRI, and at the time of this procedure, plaintiff suffered from a herniated disc at level L5-S1, centrally, but towards the right. Plaintiff was referred to Dr. Richard Rose, an orthopedic surgeon. Surgery was performed by Dr. Rose on 17 December 1991. The procedure Dr. Rose performed was an hemilaminectomy with excision of an extruded disc at level L5-S1, on the right. Plaintiff recovered well from his surgery, and he returned to work on 2 March 1992.
3. After plaintiff returned to work, he performed his regular job sanding furniture and moving pallets. Plaintiff continued at this job from 2 March 1992 through 23 July 1992. On 5 June 1992 (Friday) plaintiff was pushing six to eight pallets in the finishing room, and he felt a "catch" in his right side. Plaintiff reported this incidence to his supervisor and was sent to the company nurse. After being examined in the company's medical department, plaintiff was sent home. Plaintiff relaxed over the weekend and returned to work on Monday morning. Before beginning work on Monday, plaintiff told the company nurse that he was "okay."
4. After 8 June 1992, plaintiff's condition improved, but it did not resolve. Plaintiff worked at his regular job from 8 June 1992 through 23 July 1992, and he did not complain to his supervisor nor his co-workers. However, performing his job caused plaintiff to experience some discomfort.
5. Between 5 June 1992 and 23 July 1992, there was no event in which plaintiff injured his back. On the morning of 23 July 1992 plaintiff woke up and felt low back pain which was considerably greater than he had experienced over past weeks. Plaintiff had difficulty dressing for work. Plaintiff went to work because he believed the pain would gradually improve. Plaintiff arrived at work at about 7:30 a.m.; and after about two hours, the pain had increased to such an extent that plaintiff reported it to his supervisor. The supervisor referred plaintiff to the company nurse, and the company nurse referred plaintiff to Dr. Michael Garrison. At the first examinations by the company nurse and Dr. Garrison, plaintiff related his back problems to the incident of 5 June 1992.
6. On 5 August 1992 plaintiff returned to Dr. Rose (the surgeon who performed the prior surgery in December 1991). On 14 September 1992 plaintiff was examined by Dr. David Kelly, a neurosurgeon, for a second opinion. Dr. Kelly performed surgery on 18 September 1992. The procedure was a lumbar laminectomy with removal of extruded disc material at spinal level L5-S1 (the same level as the prior surgery).
7. On 23 July 1992 plaintiff suffered from a right sided herniated spinal disc at level L5-S1. The cause of the herniated disc was the incident of 5 June 1992 when plaintiff was pushing pallets at work.
8. The medical treatment plaintiff received from Dr. Garrison, Dr. Rose and Dr. Kelly was made necessary due to the incident of 5 June 1992 and the resulting herniated disc.
9. Due to the incident of 5 June 1992 and the resulting herniated disc, plaintiff was unable to perform his regular job with defendant, or to perform any other gainful employment, from 23 July 1992 through 24 February 1993, with the exception of three days in December 1992.
10. Due to the incident of 5 June 1992 and the resulting herniated disc, plaintiff retains a 10 percent permanent partial impairment to the use of his back.
11. Plaintiff's average weekly wage was $276.36.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 5 June 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer, in that he injured his back as a result of a specific traumatic incident while performing his assigned work duties. N.C.G.S. § 97-2 (6).
2. Plaintiff's average weekly wage was $276.36 per week, yielding a compensation rate of $184.25 per week. N.C.G.S. § 97-2
(5).
3. As a result of the injury by accident of 5 June 1992, plaintiff is entitled to temporary total disability compensation in the amount of $184.25 per week for the period of time from 23 July 1992 through 24 February 1993, with the exception of three days in December 1992. N.C.G.S. § 97-29.
4. As a result of the injury by accident of 5 June 1992, plaintiff is entitled to permanent partial disability compensation in the amount of $184.25 per week for 30 weeks due to the 10 percent permanent partial impairment to the use of his back. N.C.G.S. § 97-31 (23).
5. Plaintiff is entitled to the payment of all medical expenses incurred, or to be incurred, as a result of the injury by accident of 5 June 1992. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation in the amount of $184.25 per week for the period of time between 23 July 1992 and 24 February 1993, with the exception of three days in December 1992. As said amount has accrued, payment shall be made in a lump sum; and all payments shall be subject to an attorney's fee as provided below.
2. Defendants shall pay plaintiff permanent partial disability compensation in the amount of $184.25 per week for 30 weeks due to the 10 percent permanent partial impairment to the use of his back. As said amount has accrued, payment shall be made in a lump sum; and all payments shall be subject to an attorney's fee as provided below.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of the injury by accident of 5 June 1992. Payment shall be made after bills for said expenses have been submitted to the Industrial Commission and approved by the Industrial Commission.
4. An attorney's fee in the amount of 25 percent of all compensation due plaintiff is hereby approved for plaintiff's counsel. Payment shall be made by deducting 25 percent from any amount due plaintiff and forwarding same directly to plaintiff's counsel.
5. Defendants shall pay all costs, including an expert witness fee as provided by previous order and an expert witness fee in the amount of $250.00 to Dr. Richard Rose.
 S/ _______________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________________ J. RANDOLPH WARD COMMISSIONER
CMV/CNP/tmd 4/12/95